UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| ELORAC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-1859 |
| | ) | |
| v. | ) | Hon. Jorge L. Alonso |
| | ) | |
| SANOFI-AVENTIS CANADA INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF ALL
PAYMENTS OR OTHER CONSIDERATION EXCHANGED BETWEEN
SANOFI AND VALEANT RELATED TO THE PRODUCT, WINSTON OR ELORAC
AND/OR PURSUANT TO THE LICENSE AGREEMENT, SANOFI/VALEANT
AGREEMENT AND VALEANT/VANGUARD PHARMA AGREEMENT**

Elorac, Inc.'s motion to compel (the "Motion," ECF Nos. 127 & 128) should be denied.

sanofi-aventis Canada Inc. ("Sanofi Canada") has already produced the July 18, 2011

Distribution and Supply Agreement ("Distribution Agreement") between Sanofi Canada and

Valeant International (Barbados) SRL, the one and only agreement that exists between Sanofi

Canada and Valeant. Sanofi Canada also produced all documents that in any way relate to the

"Net Sales" of the "Product" upon which royalties must be paid under the terms of the October

30, 2008 License Agreement ("License Agreement") between Sanofi Canada and Winston

Laboratories, Inc. (previously attached as Ex. A to the Amended Complaint, ECF No. 109), and

all related documents concerning the calculation of royalties. Elorac's Motion is simply a fishing

expedition based on unsupported suspicions that somehow Sanofi Canada received secret

payments through some "side deal" (*see* Motion ¶ 11).

More importantly, the Motion again reflects Elorac's preference to file discovery motions

based on unfounded suspicions without testing them. Here, by way of example, Elorac never

asked the various Sanofi Canada witnesses during any deposition if a "side agreement" even existed. Instead,



Additionally, Sanofi Canada does not maintain, posses, or control information regarding Valeant's sale of Zuacta to its customers. Elorac acknowledges in its Motion that Valeant's customers are wholesalers and pharmacies. (Motion ¶ 20.) Not only is Elorac's theory that it should have been paid a royalty based on sales to end-users contrary to the straightforward definition of Net Sales under the License Agreement, it is contrary to well-understood industry practice.

Ultimately, Elorac acknowledges that it has information regarding Net Sales. (*Id.* at 1.) The Motion, therefore, overreaches by requesting further information not necessary for this calculation, and further requests permission to conduct an unabashed fishing expedition for

"evidence of yet unknown additional breaches of contract and acts of willful misconduct" (*see id.* ¶ 11). The Court should deny Elorac's Motion.

### ARGUMENT

A party may seek information relevant to the claims or defense. FED. R. CIV. P. 26(b)(1). Courts thus have "extremely broad discretion in controlling discovery," *Sommerfield v. City of Chicago*, 613 F. Supp. 2d 1004, 1013 (N.D. Ill. 2009), and "frequently restrict discovery based on relevance," *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 222 (N.D. Ill. 2013). Where the discovery sought is not relevant, or where its marginal relevance is outweighed by the burden and costs associated with its production, the Court "'should not hesitate'" to "firmly appl[y]" the limits in Rule 26 and "channel the efforts of counsel," lest discovery result in "needless and enormous costs" to the party opposing the production. *Ossola*, 2015 WL 5158712 at *7 (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

A. **Sanofi Canada's Sales of Product to Valeant Are "Net Sales" for Calculating the Royalty under the License Agreement, and the Relevant Information Regarding the Net Sales Has Been Produced.**

In Count I of the Amended Complaint, Elorac alleges that Sanofi Canada miscalculated royalty payments. (Am. Comp. ¶¶ 125-27.) The terms of the License Agreement regarding the calculation and payment of royalties are straightforward:

- "Sanofi-aventis shall pay to Licensor during the Royalty Term . . . based upon the calendar year Net Sales of Product . . . a payment of twelve percent (12%) of Net Sales . . . of Product . . . in the Territory . . ." (§ 7.7.)

- "'**Net Sales**' means the gross selling price of the Product in the Territory invoiced by sanofi-aventis, its Affiliates and its sublicensees to Third Parties," less certain deductions. (§ 1.36.)

- "'**Third Party**' means a person or entity other than (i) Licensor or any of its Affiliates and (ii) sanofi-aventis or any of its Affiliates." (§ 1.53.)

- "'**Affiliate'** means with respect to a specified Person, any Person that directly or indirectly controls, is controlled by, or is under common control with, the specified Person." (§ 1.2.)

Despite this plain language, Elorac alleges that Sanofi Canada breached Section 7.7 by paying a royalty based on Sanofi Canada's sale of Zuacta to Valeant, rather than based on "all net sales of the Product in Canada." (Am. Compl. ¶ 125.)

The parties' positions with respect to these provisions of the License Agreement can be briefed during summary judgment. But for present purposes, Elorac already has received the relevant discovery regarding Sanofi Canada's sales of Zuacta to Valeant, and Sanofi Canada has produced its calculations of royalties against Net Sales. Elorac should not be permitted to conduct a broader inquiry into payments between Sanofi Canada and Valeant that have nothing to do with how royalties are calculated.

**B. Discovery Regarding** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **Is Not Relevant.**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Elorac knows about these provisions and does not dispute that Sanofi Canada produced (i) the Distribution Agreement containing these provisions, and (ii) the relevant information regarding the Net Sales of Zuacta to Valeant, including the calculation and payment of royalties due to Elorac under the License Agreement. At no point in time before filing this Motion did Elorac question Sanofi Canada witnesses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[REDACTED] With just days left in discovery, the

demand is unnecessary.

In fact, even after filing the Motion and speculating that there were "side deals" between

Valeant and Sanofi Canada that should be disclosed, Elorac decided not to explore its suspicions

 Elorac decided to continue in its blind suspicions that

there must be something else happening here.

In any event, discovery concerning payments under the Distribution Agreement other than those related to the sale of Zuacta to Valeant is completely irrelevant, and Elorac's arguments in the Motion are belied by its own failure to ask any Sanofi Canada witness about

such payments. The only information the License Agreement requires to calculate royalty payments properly is the "gross selling price of the Product in the Territory invoiced by sanofi-aventis, its Affiliates and its sublicensees to Third Parties," less certain deductions. (License Agreement § 1.36.) Elorac admittedly has that information. (*E.g.* Motion at 1.)

As Elorac itself has argued in the past (*see* ECF No. 110, concerning Elroac's highly confidential financial documents), the Court should deny a request to examine highly confidential business information about a party's financial documents when the information has little or no relevance to the issues being litigated. No matter how Elorac attempts to frame the dispute, Elorac is entitled to the information that it already has—sufficient to calculate Net Sales—and nothing more. The Court should, therefore, deny the Motion to Compel.

**C.    Sanofi Canada Does Not Have Information Regarding Valeant's Sales to its Customers, and Elorac Has Failed to Pursue that Discovery in Canada.**

Setting aside the flimsy legal argument that the definitions of Net Sales, Third-Party, and royalty payments require Sanofi Canada to pay royalties to Elorac based on Valeant's sales of Zuacta to Valeant's customers, the simple fact is that Sanofi Canada does not maintain such information in the ordinary course of business. Sanofi Canada repeatedly advised Elorac of this fact. Valeant—a third-party entity, for whom Elorac sought a letter rogatory—is the party that would have information regarding its sales to its customers.

CONCLUSION

For the foregoing reasons, sanofi-aventis Canada Inc. respectfully requests that the Court enter an order denying Elorac, Inc.'s motion to compel the production of discovery related to payments or other consideration exchanged between Sanofi Canada and Valeant related to Zuacta, Winston, or Elorac and/or pursuant to the License Agreement, Sanofi Canada's agreement with Valeant, or Valeant's agreement with Vanguard Pharma**.**

**Dated**: October 19, 2015       SANOFI-AVENTIS CANADA INC.

By:  /s/ *Christopher M. Strongosky*

| | |
|---|---|
| Raj N. Shah (ARDC # 6244821) | Christopher M. Strongosky (*admitted pro hac vice*) |
| Eric M. Roberts (ARDC # 6306839) | Leeanne S. Mancari (*admitted pro hac vice*) |
| DLA Piper LLP (US) | DLA Piper LLP (US) |
| 203 North LaSalle Street, Suite 1900 | 1251 Avenue of the Americas |
| Chicago, Illinois 60601-1293 | New York, New York 10020 |
| (312) 368-4000 (p) | (212) 335-4500 (p) |
| (312) 236-7516 (f) | (212) 335-4501 (f) |
| raj.shah@dlapiper.com | christopher.strongosky@dlapiper.com |
| eric.roberts@dlapiper.com | leeanne.mancari@dlapiper.com |

8

## Certificate of Service

I hereby certify that on October 19, 2015, I electronically filed sanofi-aventis Canada Inc.'s **Memorandum of Law in Opposition to Plaintiff's Motion to Compel the Production of All Payments or Other Consideration Exchanged Between Sanofi and Valeant Related to the Product, Winston or Elorac and/or Pursuant to the License Agreement, Sanofi/Valeant Agreement and Valeant/Vanguard Pharma Agreement** using the ECF System for the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record registered on the ECF system.

By: /s/ *Christopher M. Strongosky*

Christopher M. Strongosky
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500 (p)