UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELORAC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-1859 |
| | ) | |
| v. | ) | Jury Demanded |
| | ) | |
| SANOFI-AVENTIS CANADA INC. | ) | Hon. Jorge L. Alonso |
| | ) | |
| Defendant. | ) | |

**ELORAC'S DAUBERT MOTION
TO EXCLUDE EXPERT TESTIMONY OF TAMAR D. HOWSON**

Plaintiff, Elorac, Inc. ("Elorac"), by its undersigned counsel, and pursuant to Federal Rules of Evidence 401, 402, 403 and 702, respectfully requests that the Court exclude all the expert testimony by Tamar D. Howson ("Howson") on behalf of Defendant, Sanofi-Aventis Canada Inc. ("Sanofi"), in this case and at trial because Howson is not an independent expert witness, and because Howson's proposed testimony is not relevant to the issues in this case, consists of legal conclusions and credibility determinations which do not assist the trier of fact, and is speculative and prejudicial to Elorac. In support of this Motion, Elorac states:

1. On May 18, 2016, Sanofi produced Howson's Expert Report.

2. On June 29, 2016, Elorac deposed Howson.

3. For the reasons set forth below, the Court should exclude all of Howson's proposed testimony.

4. First**,** the Court should exclude Howson's proposed expert testimony predicated on her legal conclusion that Sanofi fulfilled its obligations pursuant to the License Agreement because she has no legal training. *See* Memo. In Supp. at Ex. 1 (Raver Aff. (08/31/16) at Ex. A at 29-31; 36-37 (Howson Dep. T. (06/29/16)). Further, the testimony is excludable because

whether Sanofi fulfilled its obligations pursuant to the License Agreement is the ultimate issue in this breach of contract matter, and applicable law forbids experts from opining as to legal conclusions on ultimate issues. *See Good Shepherd Manor Foundations, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). The accompanying Memorandum of Law in Support of this Motion provides numerous examples in which Howson impermissibly makes legal conclusions concerning ultimate issues in this case.

5. Second, the Court should exclude Howson's proposed testimony regarding Sanofi's decision not to launch the Product using the Civanex brand name, due to the alleged risk of a trademark opposition from Lundbeck.

6. In late 2009, a company, H. Lundbeck, filed an opposition to an application by Winston to register the trademark Civanex in Canada. *See* Ex. 1 at Ex. C at 3 (Paula Clancy Report). A trademark opposition can only block the registering of a trademark. *See id.* at 4. A trademark opposition cannot prevent the sale of a pharmaceutical product. *See id.* ███████████████████████████████████████████████████████████████████████████████████████████████████████ See Ex. 1 at Ex. A at 115. ███████████████████████████████████████. *See id.* at 117-19.

7. Also, Elorac's expert, Paula Clancy, a Canadian trademark attorney, has opined that, under Canadian law, the Lundbeck opposition could not have possibly prevented the sale of the Product under the brand name Civanex. *See* Ex. 1 at Ex. C at 9.

2

8. By her own admission, Howson has no legal training or trademark expertise. *See* Ex. 1 at Ex. A at 36; 92. She acknowledges that she does not know the difference between a trademark opposition and a trademark infringement. *See id.* at 114, 120. Without any basis in fact or law, Howson claims that Lundbeck would have sued the parent company, Sanofi SA, for a trademark infringement in Canada. *See id.* at 119-20. Since Howson lacks expertise on trademark law, her testimony on this subject should not be allowed, especially since Elorac's expert, Clancy, opines that the Lundbeck opposition could not have possibly prevented the dale of the Product under the brand name Civanex.

9. Third, the Court should exclude Howson's testimony championing Sanofi's alleged heroic efforts in assisting Elorac in obtaining regulatory approval of the Product for sale in Canada *prior to* May 2010 because this testimony is irrelevant to the issues in this matter. *See id.* at 52-53; 129-32; 161; 183-86; 357-59. Elorac alleges that Sanofi willfully breached the parties' License Agreement by failing to use Commercially Reasonable Efforts to Commercialize the Product *from when Sanofi management decided not to market the Product (early May 2010) to the present time* and not any time prior to May 2010. *See generally* Dkt #222: Second Am. Compl. Because the Product's regulatory history prior to May 2010 is not at issue in this case, Howson's testimony is irrelevant and should be excluded.

10. Similarly irrelevant is Howson's testimony concerning the Rheumoderm name submission. ███████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████ ███████████████████████████████ ████ ████
████████████████████████████████████████

3

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████ ██ ████████████████████████████

11.   █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████ *See* Ex. 1 at Ex. A at 357-59.  However, Howson cannot point to any evidence that Sanofi's relationship with Health Canada was adversely affected by this communication, so her testimony is entirely speculative.  *See id.* at 358-59.  ████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████.  It should therefore be excluded.

12.   █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████ ████ ██████████████ Howson has spent her career in business development, and she has never marketed or launched a pharmaceutical product or trained or supervised a sales force.  *See id.* at 87-89, 159, 288-89.  Without expertise in sales and marketing, Howson is not an expert in these matters, and accordingly her testimony should be excluded.

13. Fifth, the Court should exclude Howson's proposed testimony concerning her credibility determinations and improper attempts to instruct the jury to believe the testimony of one witness over another witness and to disbelieve witness testimony altogether, and speculations as to the states of minds and motivations of Sanofi and Health Canada because applicable law forbids such expert testimony. *See Davis v. Duren*, 277 F.R.D. 362, 369 (N.D. Ill. 2011).

14. Finally, the Court should exclude Howson's proposed testimony because Howson is not an independent expert witness. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ As indicated by these statements and others like them in her report and deposition testimony, she appears to harbor a bias against Dr. Bernstein, the Product, and the Plaintiff in this case, and thus she is not an independent expert witness.

WHEREFORE, for the reasons set forth herein and in Elorac's accompanying memorandum of law in support of its *Daubert* motion to exclude all the Howson expert testimony, Elorac respectfully requests that the Court (i) grant this Motion; (ii) exclude all Howson's purported expert testimony in this case and at trial; and (iii) grant such other relief as the Court deems appropriate.

Dated: August 31, 2016         Respectfully submitted,

*/s/ Carrie M. Raver*
Carrie M. Raver (ARDC # 6270475)
BARNES & THORNBURG LLP
110 E. Wayne Street, Suite 600
Fort Wayne, IN 46802
Telephone: (260) 425-4652
Facsimile: (260) 424-8316
E-mail: carrie.raver@btlaw.com

William M. McErlean (ARDC # 3122871)
Jeffrey W. Sanford (ARDC # 6316692)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 214-5602
Facsimile: (312) 759-5646
E-mail: wmcerlean@btlaw.com
E-mail: jeff.sanford@btlaw.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 31st day of August, 2016, by United States mail and electronically filing the same with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

      Christopher M. Strongosky
      Leeanne S. Mancari
      DLA Piper LLP (US)
      1251 Avenue of the Americas
      New York, NY 10020
      (christopher.strongosky@dlapiper.com)
      (leeanne.mancari@dlapiper.com)

      Raj N. Shah
      DLA Piper LLP (US)
      203 N. LaSalle Street, Suite 1900
      Chicago, IL 60601-1293
      (raj.shah@dlapiper.com)

                                        */s/ Carrie M. Raver*
                                        Carrie M. Raver, Esq.